**Ziauddin AHMADI, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–72372.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2009.

Filed March 31, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Judith Lott, Esquire, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Erica Miles, U.S. Department of Justice, Washington, DC, for Respondent.

Before: KOZINSKI, Chief Judge, HUG and BEA, Circuit Judges.

### MEMORANDUM *

Ziauddin Ahmadi petitions for review of a Board of Immigration Appeals (BIA) order affirming an Immigration Judge's (IJ) denial of asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

"Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence the determination that Ahmadi does not qualify for asylum. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir.2004).

Substantial evidence supports the IJ's and BIA's finding that Ahmadi failed to prove a well-founded fear of future persecution on the basis of any protected ground. *See id.* at 1180. Ahmadi has not adduced specific, credible evidence establishing that the Taliban continued to persecute Afghans with Western ties after its ouster in 2001, and the record would not compel a reasonable factfinder to conclude that Ahmadi has a well-founded fear of persecution related to a statutorily protected ground. *See id.* Accordingly, Ahmadi's asylum claim fails. Because Ahmadi failed to show that he qualifies for asylum, he has "not met the higher burden of proving that [he is] entitled to withholding of removal." *See Kumar v. Gonzales,* 439 F.3d 520, 525 (9th Cir.2006).

### PETITION FOR REVIEW DENIED.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.